IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED

08 SEP 16 PM 8:59

CLERK U S DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

---

VALLEY ENTERPRISES OF OHIO LLC,  : CASE NO. 1:08 CV 1605
:
                              Plaintiff,  : <u>MEMORANDUM OF OPINION AND</u>
: <u>ORDER DENYING DEFENDANT'S</u>
               -vs-  : <u>MOTION TO DISMISS AND GRANTING</u>
: <u>DEFENDANT'S MOTION TO</u>
GAINEY TRANSPORTATION  : <u>TRANSFER THIS MATTER TO THE</u>
SERVICES,  : <u>WESTERN DISTRICT OF MICHIGAN</u>
:
                            Defendant.  :

---

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before this Court is defendant Gainey Transportation Services' ("Gainey") motion to dismiss plaintiff Valley Enterprises of Ohio LLC's ("Valley") complaint, or transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §§ 1404(a), where Gainey is the plaintiff in a previously filed matter. (Doc. 5). Valley did not file a responsive brief.

For the reasons set forth below, this Court denies Gainey's motion to dismiss, and grants its motion to transfer.

This suit involves the alleged breach of a purchase order contract between Gainey and Valley. On 4 June 2008 Gainey filed a breach of contract claim against Valley in the Western District of Michigan alleging that Valley breached the 3 April 2008 Agreement (the "Agreement") between the parties to purchase one hundred 2005 Freightliner Columbia trucks from Gainey. (Doc. 5; Exh. A). On 6 June 2008, Valley

filed the instant action in this Court alleging that Gainey breached the self-same Agreement. (Doc. 1; Exh 4; Doc. 5; Exh. A). Gainey alleges it agreed to sell, and Valley agreed to purchase, the one hundred trucks for $36,800 per truck, toward which Valley submitted to Gainey a $100,000 nonrefundable deposit pursuant to the Agreement. Gainey further alleges it prepared the trucks for delivery to Valley, but that on 24 April 2008, Valley notified Gainey to seek another buyer. Gainey allegedly found another buyer for the trucks at $34,500 per truck and now seeks damages in the Michigan Court for its putative financial losses. Before this Court, Valley seeks damages for Gainey's alleged breach of the Agreement for failing to reserve the trucks that Valley had agreed to purchase.

Comity requires that federal district courts, which are courts of equal rank and coordinate jurisdiction, be careful to avoid unnecessary interference with each other's affairs. Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180 (1952). "As between federal district courts ... the general principle is to avoid duplicative litigation." Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976); accord Smith v. S.E.C., 129 F.3d 356, 361 (6th Cir.1997).

The general rule applicable when duplicative lawsuits are pending in separate federal courts is "that the entire action should be decided by the court in which an action was first filed." Smith v. S.E.C., 129 F.3d at 361. The first filed rule is a doctrine of federal comity that promotes judicial efficiency. Plating Resources, Inc. v. UTI Corp., 47 F.Supp.2d 899, 903 (N.D. Ohio 1999).

Three elements are commonly used to determine whether the first-to file rule is applicable: (1) the chronology of events; (2) the similarity of the parties involved; and (3)

the similarity of the issues or claims at stake. For purposes of establishing the relevant chronology of events, the courts focus on the dates when the parties filed their original complaints. Smithers-Oasis Co. v. Clifford Sales & Marketing, 194 F. Supp. 2d 685, 687 (N.D. Ohio 2002).

All of the essential elements for applying the first-to-file rule are met in the instant case. The parties in both lawsuits are identical. The substantive issues and claims in both lawsuits – breach of contract – are the same. If these two lawsuits were filed in the same federal district court, they would be consolidated for trial under Fed. R. Civ. P. 42(a).

Two limited exceptions exist to the first-to-file rule. First, the Sixth Circuit recognizes that a district court may decline to invoke the first-to-file rule for reasons of equity. Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Associates, Inc., 2001 WL 897452 at *3 (6th July 31, 2001) (district courts have discretion to dispense with first-to-file rule where equity so demands). Upon a review of the record, there are no "special circumstances," such as bad faith or forum shopping, barring the transfer of this matter to the Western District of Michigan. See Transcanada Power Mktg. V. Narragansett Elec. Co., 402 F. Supp. 2d 343, 347 (D. Mass. 2005).

Second, in allowing for a transfer of venue, 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This court must consider the balance of convenience in weighing a motion to transfer pursuant to § 1404(a), such as "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other

3

public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" Moses v. Business Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir.1991). These private and public interests include the plaintiff's choice of forum, location of documents, convenience of witnesses, possibility of prejudice in either forum, and the practical problems associated with trying the case expeditiously and inexpensively. See West American Ins. Co. v. Potts, 908 F.2d 974, 1990 WL 104034, at * 2 (6th Cir. July 25, 1990) (unpublished). Because Gainey is the party requesting the transfer, "it bears the burden of proof to show the factors weigh 'strongly' in favor of transfer." Picker Intern., Inc. v. Travelers Indem. Co., 35 F.Supp.2d 570, 573 (N.D. Ohio 1998). Upon review, the Court finds the "balance of convenience" does not favor the second-filed action by Valley.

Accordingly, Gainey's motion to dismiss Valley's instant action before this Court is denied, and Gainey's motion to transfer pursuant to 28 U.S.C. 1404(a) is granted. This case is hereby transferred to United States District Court Judge Robert J. Jonker of the Western District of Michigan.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE